## IN THE UNITED STATES DISTRICT COURT
## FOR EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH CAMARDESE** ) | |
| ) | **Civil Action No.** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **MIDLAND CREDIT MANAGEMENT,** ) | |
| **INC.** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

1.     This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (hereafter the "TCPA").  These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.     Plaintiff Joseph Camardese is an adult individual residing in Laurel, Maryland.

5.     Defendant, Midland Credit Management, Inc. (hereafter "Midland") is a business entity which regularly conducts business in the Eastern District of Pennsylvania and has a principal place of business located at 8875 Aero Drive, Suite 200, San Diego, CA 92123.  The

principal purpose of Defendant is the collection of debts already in default using mail and telephone, and Defendant regularly attempts to collect said debt.

## FACTUAL ALLEGATIONS

6.     At all pertinent times hereto, Defendant was hired to collect a debt (hereafter the "debt") belonging to Plaintiff's son.

7.     The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8.     At all times material hereto, Plaintiff does not and has never owed a debt to Defendant.

9.     At all times pertinent hereto, Defendant made use of an automatic telephone dialing system to contact Plaintiff on his cellular telephone on multiple occasions.

10.    On or about November 5, 2013, Defendant began contacting Plaintiff at his place of employment in an attempt to collect a debt that belongs to Plaintiff's son, Mark Camardese. Defendant would contact Plaintiff on a daily basis in an attempt to collect the debt with the intent to annoy, abuse and harass Plaintiff.

11.    By way of example, in or around November 2013, Defendant contacted Plaintiff once or twice a day in an attempt to collect a debt that did not belong to the Plaintiff.  Plaintiff advised Defendant that he was not the person Defendant was looking for, that Defendant was contacting a place of business and to cease contacting him.

12.    Notwithstanding the above, on or about November 15, 2013, Defendant began contacting Plaintiff on Plaintiff's cellular telephone in an attempt to collect the debt. Defendant has been calling Plaintiff's cellular telephone number using artificial and/or prerecorded voice technology to coerce payment of the debt, with the intent to annoy, abuse, or harass Plaintiff.

13.     Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer and stating that person owes the debt.

14.     Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer on more than one occasion.

15.     Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer in connection with the collection of a debt.

16.     Defendant acted in a false, deceptive, misleading and unfair manner by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

17.     Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

18.     Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing the character, amount, or legal status of any debt.

19.     Defendant acted in a false, deceptive, misleading and unfair manner by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer.

20.     Defendant acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

21.     Defendant knew or should have known that their actions violated the FDCPA and the TCPA. Additionally, Defendant could have taken the steps necessary to bring their agent's

actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

22.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

23.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I - VIOLATIONS OF THE FDCPA

25.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

27.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

28.     The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

29.     Defendant violated the FDCPA.   Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(2), 1692b(3), 1692c(b), 1692d, 1692d(5), 1692e(2)(A), 1692e(10), and 1692f, as evidenced by the following conduct:

(a)     Communicating with any person other than the consumer and stating that that person owes the debt;

(b)     Communicating with any person other than the consumer on more than one occasion;

(c)     Communicating with any person other than the consumer in connection with collection of the debt;

(d)     Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(e)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(f)     Falsely representing the character, amount, or legal status of a debt;

(g)     Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

(h)     Using unfair or unconscionable means to collect or attempt to collect any debt.

30.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

31.     As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II – VIOLATIONS OF THE TCPA

32.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33.     At all times relevant hereto, Defendant used, controlled and/or operated "automatic telephone dialing systems" as defined by §227(a)(1) of the TCPA.

34.     Defendant initiated multiple calls to Plaintiff's cellular telephone line using artificial and or prerecorded voices to deliver messages without express consent of Plaintiff in violation of 47 U.S.C. §§ 227(b)(1)(A)(3) of the TCPA.

35.     The acts and/or omissions of Defendant was done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent from bona fid error, lawful right, legal defense, legal justification, or legal excuse.

36.     As a result of the above violation of the TCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages, and treble damages.

## JURY TRIAL DEMAND

37.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c)  Treble damages;

(d)  Punitive damages;

(e)  Costs and reasonable attorney's fees; and

(f)  Such other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C**.

BY:   */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
GREGORY J. GORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

DATE: March 14, 2014

7