**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSEPH CAMARDESE**<br><br>            Plaintiff,<br><br>    **vs.**<br><br>**MIDLAND CREDIT MANAGEMENT, INC.**<br><br>            Defendant. | **Civil Action No.**<br><br>**2:14-cv-01549-JHS** |

**ANSWER TO PLAINTIFF, JOSEPH CAMARDESE'S
AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES BY DEFENDANT,
<u>MIDLAND CREDIT MANAGEMENT, INC.</u>**

AND NOW, comes Defendant, Midland Credit Management, Inc. ("MCM"), by and through its undersigned counsel, Marshall Dennehey Warner Coleman & Goggin, P.C. and hereby answers the Amended Complaint of Plaintiff, Joseph Camardese and in support thereof, states as follows:

1.      Admitted in part and denied in part.  MCM admits that Plaintiff brings the present action against MCM alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").  MCM  denies any liability or wrongful conduct to the extent alleged in this paragraph.  The remaining allegations in this paragraph constitute conclusions of law, and are denied as such.  MCM refers all questions of law to the Court.

**<u>ANSWER TO JURISDICTION AND VENUE</u>**

2.      Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  MCM refers all questions of law to the Court.

3.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  MCM refers all questions of law to the Court.

## **ANSWER TO PARTIES**

4.    Admitted in part and denied in part.  MCM admits that Plaintiff is an adult individual.   MCM is without sufficient knowledge or information regarding whether Plaintiff resided in Laurel, Maryland at all times relevant to the allegations in this Complaint and, therefore, MCM denies these allegations and leaves Plaintiff to his proofs.

5.    Admitted in part and denied in part.  MCM admits that it is a business entity that maintains a place of business at the address set out in this paragraph and that it attempts to collect debt obligations owed to another using the mail and the telephone.  MCM denies the remaining allegations in this paragraph, and leaves Plaintiff to his burden of proof.

## **ANSWER TO FACTUAL ALLEGATIONS**

6.    Admitted in part and denied in part.  MCM admits that it was retained to collect a valid and delinquent debt obligation owed by a party other than the Plaintiff.  MCM is without sufficient knowledge, information or belief regarding whether or not the debt obligation is owed by Plaintiff's son and, therefore, MCM denies this allegation.  MCM denies the remaining allegations in this paragraph, and leaves Plaintiff to his burden of proof.

7.     Denied.  MCM lacks sufficient knowledge, information or belief as to whether the debt obligation at issue arose out of transactions which were for personal, family or household purposes and, therefore, MCM denies these allegations and leaves Plaintiff to his burden of proof.

8.     Admitted.[1]

9.     Denied.  MCM denies the allegations in this paragraph, and leaves Plaintiff to his burden of proof.

10.     Admitted in part and denied in part.  MCM admits that, during its attempts to collect the debt obligation, its records reflect that, on November 13, 2013, MCM had a conversation with an individual who identified himself as the father of the debtor and that the Plaintiff requested that MCM cease calls to Plaintiff.  MCM records reflect that MCM promptly marked the telephone number for the debtor's "father" as a wrong number and made no further calls to this number.   MCM denies the remaining allegations in this paragraph, and leaves Plaintiff to his burden of proof.

11.     Admitted in part and denied in part.  MCM admits that, during its attempts to collect the debt obligation, its records reflect that, on November 13, 2013, MCM had a conversation with an individual who identified himself as the father of the debtor and that the Plaintiff requested that MCM cease calls to Plaintiff.   MCM records reflect that MCM promptly marked the telephone number for the debtor's "father" as a wrong number and made no further calls

---

[1] No one owes a debt obligation to MCM, as MCM does not own the debts that it attempts to collect.

to this number.   MCM denies the remaining allegations in this paragraph, and leaves Plaintiff to his burden of proof.

12.    Denied.  MCM denies engaging in any act that could reasonably or rationally be deemed as false, deceptive, misleading or unfair in the course of its efforts to locate the debtor.  MCM denies that its records reflect that MCM disclosed any debt information to the Plaintiff.   A factual basis for these conclusory allegations is demanded of Plaintiff.

13.    Denied.  MCM denies engaging in any act that could reasonably or rationally be deemed as false, deceptive, misleading or unfair in the course of its efforts to locate the debtor.  MCM denies communicating with any person other than the debtor, except in accordance with Section 1692b of the FDCPA. A factual basis for these conclusory allegations is demanded of Plaintiff.

14.    Denied.  MCM denies engaging in any act that could reasonably or rationally be deemed as false, deceptive, misleading or unfair in the course of its efforts to locate the debtor.  MCM denies communicating with any person other than the debtor, except in accordance with Section 1692b of the FDCPA. A factual basis for these conclusory allegations is demanded of Plaintiff.

15.    Denied.  MCM denies engaging in any act that could reasonably or rationally be deemed as false, deceptive, misleading or unfair in the course of its efforts to locate the debtor.  MCM denies engaging in any conduct the natural consequence of which would be to harass, oppress or abuse Plaintiff in

connection with its efforts to locate the debtor. A factual basis for these conclusory allegations is demanded of Plaintiff.

16. Denied. MCM denies engaging in any act that could reasonably or rationally be deemed as false, deceptive, misleading or unfair in the course of its efforts to locate the debtor. MCM denies that MCM's records reflect that MCM caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number during their attempts to collect the debt obligation at issue. A factual basis for these conclusory allegations is demanded of Plaintiff.

17. Denied. MCM denies engaging in any act that could reasonably or rationally be deemed as false, deceptive, misleading or unfair in the course of its efforts to locate the debtor. MCM denies that MCM's records reflect falsely representing the character, amount or legal status of the debt with respect to Plaintiff because MCM did not disclose any debt information any person. A factual basis for these conclusory allegations is demanded of Plaintiff.

18. Denied. MCM denies that it acted in a false, deceptive, misleading or unfair matter in attempting to collect the debt obligation at issue and denies that MCM used any false representations or deceptive means to collect or attempt to collect the debt at issue or obtain any information concerning the consumer during its attempts to collect the debt obligation at issue. A factual basis for these conclusory allegations is demanded of Plaintiff.

19.    Denied.  MCM denies that it acted in a false, deceptive, misleading or unfair matter in attempting to collect the debt obligation at issue and denies that MCM used unfair or unconscionable means with respect to Plaintiff.  A factual basis for these conclusory allegations is demanded of Plaintiff.

20.    Denied.  MCM denies that it violated the FDCPA and  denies the remaining allegations in this paragraph that rely on this defective premise.

21.    Admitted in part and denied in part.  MCM admits that when its employees are acting within the scope of their employment that are under the direct control and supervision of MCM.  Unless otherwise admitted, MCM denies the allegations in this paragraph.

22.    Denied.  MCM denies that its conduct could reasonably or rationally be construed as violative of the law, let alone malicious, improperly intentional, willful, reckless, negligent or that it engaged in conduct evincing a negligent disregard for federal or state law or the rights of the Plaintiff.  A factual basis for these conclusory allegations is demanded of Plaintiff.

23.    Denied.  MCM denies liability to the Plaintiff under the FDCPA.  MCM denies that it was a proximate or direct cause of any perceived harm claimed by Plaintiff, including purported harm in the form of injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, or emotion and mental pain or anguish, or embarrassment, humiliation or pecuniary loss.  A factual basis for the allegations in this paragraph, including the measure of these purported damages and the methodology in assessing these perceived damages is demanded of Plaintiff.

6

## ANSWER TO COUNT I
## VIOLATIONS OF THE FDCPA

24.    No response is required to this paragraph as Plaintiff is merely incorporating prior paragraphs by reference.    To the extent a response is deemed necessary, MCM incorporates its responses to paragraphs 1 through 23, as though they were fully set forth herein at length.

25.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  MCM refers all questions of law to the Court.

26.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  MCM refers all questions of law to the Court.

27.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  MCM refers all questions of law to the Court.

28.    Denied.    MCM denies violating the FDCPA and denies the allegations in this paragraph and its subparagraphs.    By way of further response, MCM responds to subparagraphs (a) through (h) as follows:

        a.    Admitted in part and denied in part.  MCM admits that its records reflect a conversation with a person claiming to be the consumer's father on November 13, 2013, and that during this conversation, the person requested that MCM cease calling him.  MCM's records do not reflect any other conversation with an individual that is ostensibly the Plaintiff. MCM denies that it disclosed any debt information

to Plaintiff in the course of the November 13, 2013 conversation.[2]

b.     MCM denies communicating with any person other than the consumer on more than one occasion at a particular number in the course of MCM's efforts to locate the debtor;

c.     Admitted in part and denied in part.  MCM admits that its records reflect that MCM had a conversation with a person claiming to be the debtor's father on November 13, 2013 and that, in the course of this conversation, that person requested that MCM cease calling the number as it was a wrong number for the debtor.  MCM's records reflect no other conversations regarding the subject debt.  MCM denies that the single location call on November 13, 2013 was violative of any federal or state law.  MCM denies that it violated the FDCPA with respect to the Plaintiff;

d.     MCM denies that it engaged in any conduct having the natural consequence of harassing, oppressing or abusing Plaintiff;

---

[2] And denies that Plaintiff would even have standing to press such a claim even if this claim was true.

e.    MCM denies causing a telephone to ring or engaging Plaintiff  in telephone conversations repeatedly or continuously with an intent to annoy, abuse or harass Plaintiff;

f.    MCM denies falsely reporting the character, amount or the legal status of the debt;

g.    MCM denies using any false representation or deceptive means to collect or attempt to collect the debt at issue or to obtain information concerning a debtor; and

h.    MCM denies using unfair or unconscionable means in its efforts to recover on the debt.

29.    Denied.   MCM denies that its conduct could reasonably or rationally be construed as violative of the law, let alone be construed as malicious, improperly intentional, willful, reckless, negligent, wanton or that it engaged in conduct evincing a negligent disregard for federal or state law or the rights of the Plaintiff.   A factual basis for these conclusory allegations is demanded of Plaintiff.

30.     Denied.  MCM denies that it violated the FDCPA.  MCM denies that it was a proximate or direct cause of any perceived harms claimed by Plaintiff or that MCM is liable to Plaintiff for any damages, statutory or otherwise, and denies that it is liable to Plaintiff for his reasonable attorneys' fees and costs in the absence of any violative conduct. A factual basis for these conclusory allegations is demanded of Plaintiff.

## ANSWER TO DEMAND FOR JURY TRIAL

Admitted in part and denied in part.  MCM admits that Plaintiff has demanded a trial by jury.  MCM denies that Plaintiff has a right to a jury trial in the absence of any viable claims.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to plead claims against MCM upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Even if MCM violated the FDCPA, which is denied, Plaintiff did not incur actual damages as a result of the alleged conduct of MCM.

## THIRD AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which MCM denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of MCM.

## **FOURTH AFFIRMATIVE DEFENSE**

Any violation of the law or damage suffered by Plaintiff, which MCM denies, was due to the affirmative actions and/or omission of Plaintiff or others and does not give rise to any claim of damages against MCM.

## **FIFTH AFFIRMATIVE DEFENSE**

In the event that Plaintiff is able to adequately plead an individual claim under the FDCPA, her entitlement to statutory damages is <u>capped</u> at $1,000 per action, not per violation.  See <u>Goodmann v. Peoples Bank, et al.</u>, 2006 US App. LEXIS 31555 (3rd Cir. 2006); <u>Brown v. Law Offices of Butterfield</u>, U.S. Dist. LEXIS 9822 (E.D. Pa. 2004); <u>Dowling v. Kucker Kraus & Bruh, LLP</u>, 2005 U.S. Dist. LEXIS 1100 (S.D. NY. 2005); <u>Mann v. Acclaim Fin Servs</u>, 348 F. Supp. 2d 923 (S.D. Ohio 2004); <u>Ganske v. Checkrite Limited</u>, 1997 U.S. Dist. LEXIS 4345 (D. Wis. 1997); <u>Wright v. Finance Service of Norwalk, Inc.</u>, 22 F. 3d 647 (6th Cir. 1994); <u>Harper v. Better Business Services, Inc.</u>, 961 F.2d 1561 (11th cir. 1992); <u>Donahue v. NFS, Inc.</u>, 781 F. Supp. 188 (W.D.N.Y. 1991); <u>Wiener v. Bloomfield</u>, 901 F. Supp. 771 (S.D.N.Y. 1995); <u>Teng v. Metropolitan Retail Recovery</u>, 851 F. Supp. 61 (E.D.N.Y. 1994); <u>Beattie v. D.M. Collections, Inc.</u>, 764 F. Supp. 925 (D. Del. 1991); and <u>Harvey v. United Adjusters</u>, 509 F. Supp 1218 (D. Or. 1981).

## SIXTH AFFIRMATIVE DEFENSE

During its attempts to contact with the debtor, MCM placed a location call resulting in a single conversation with a third party, presumably the Plaintiff, who requested that MCM cease calls to the number being called as it was an incorrect number for the debtor.   MCM then properly marked the telephone number as a wrong number and ceased calls to the number.   As such, Plaintiff's §§ 1692b(2) and 1692(b)(3) claims have no merit, whereby said claims should be dismissed or withdrawn.

## SEVENTH AFFIRMATIVE DEFENSE

A non-consumer, such as Plaintiff, lacks standing to assert claims under 1692b or 1692c of the FDCPA.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to press a claim under Section 1692d of the FDCPA premised on the act of contacting the wrong individual.   Christy v. EOS CCA, 905 F. Supp. 2d 648, 655 (E.D. Pa. 2012).

## NINTH AFFIRMATIVE DEFENSE

As MCM did not attempt to collect the debt from Plaintiff, Plaintiff cannot maintain a claim under Section 1692e of the FDCPA.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to articulate a viable claim under 1692f, as a matter of well-settled law.  Shand-Pistilli v. Prof'l Account Servs., 2010 U.S. Dist. LEXIS 75056, 16-17 (E.D. Pa. July 26, 2010)(*quoting* Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006)); James Gula v. Midland Credit Management, Inc., Civil Action No. 3:10-cv-02241-TMB (M.D. Pa. Feb. 1, 2012) (same); Hoover v. Midland Credit Management, Inc., 2012 U.S. Dist. LEXIS 46992, Civil Action No. 10-cv-06856 (E.D. Pa. Mar. 30, 2012)(same); and Lorandeau v. Capital Collection Service, 2011 U.S. Dist. LEXIS 101994, Civil Action No. 10-3807 (E.D. Pa. Sept. 8, 2011) )(same).  Therefore,  Plaintiff's wholly redundant claims under 1692f should be dismissed or withdrawn

**WHEREFORE**, Defendant, Midland Credit Management, Inc. requests this Honorable Court to deem this Answer proper, to dismiss Plaintiff's Amended Complaint in its entirety and to grant any and all other relief as the Court deems just and equitable.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN, P.C.**

By:     */s/ Ronald M. Metcho / rmm5150*
RONALD M. METCHO, ESQ.
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2595 / (215) 575-0856 (f)
rmmetcho@mdwcg.com
Attorneys for Defendant
Midland Credit Management, Inc.

Date: August 18, 2014

13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSEPH CAMARDESE** | |
| Plaintiff, | **Civil Action No.** |
| **vs.** | **2:14-cv-01549-JHS** |
| **MIDLAND CREDIT MANAGEMENT, INC.** | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I, Ronald M. Metcho, Esquire, do hereby certify that a true and correct copy of Defendant, Midland Credit Management, Inc.'s Answer to Plaintiff's Amended Complaint with Affirmative Defenses was served upon counsel for Plaintiff by ECF on <u>August 18, 2014</u>.


**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN, P.C.**

By:    <u>/s/ Ronald M. Metcho / rmm5150</u>
RONALD M. METCHO
Attorneys for Defendant
Midland Credit Management, Inc.

14